IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, | ) |
|                    Plaintiff, | ) Civil Action No. 6:11-1768-DCN-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Jailer Lucas, CCDC; Charleston County; Carolina Center for Occupational Health, | ) |
|                    Defendants. | ) |

       This matter is before the court on the *pro se* plaintiff's motion for an emergency temporary restraining order ("TRO") or a preliminary injunction (doc. 23). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), alleges in his complaint that the defendants have violated the Americans with Disabilities Act by forcing him to sleep on a bunk with no rails. He also alleges the defendants have denied him medical care in violation of his constitutional rights and that his hearing has been destroyed by noise.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

       The plaintiff is currently confined at the CCDC following his arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. He asks in his motion that the court order the defendants to "quit slamming the cell doors!!" (m. for TRO at 1). He claims the excessive noise from the slamming doors is damaging his hearing. The defendants note that in another case filed by the plaintiff against the CCDC, the plaintiff stated that had previously lost 95% of his hearing (*see Payne v. Fennell*, C.A.

No.: 6:11-2011-DCN-KFM, doc. 24). The cell doors at the CCDC are operated with electronic locks (Michael Tice aff. ¶ 5, resp. m. for TRO, ex. A). The locks are opened by computer, and inmates then may open and close the doors (Tice aff. ¶¶ 6-7). According to the affidavit of Michael Tice, the Captain of Security at the CCDC, it is not a practice for officers to slam doors because the lock will not engage if the door is slammed (Tice aff. ¶ 9). Captain Tice further states in his affidavit that the CCDC does not have the staff to require an officer to open and shut each cell door every time this is required nor to stand close by to ensure that inmates do no shut the doors too hard (Tice aff. ¶ 10).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff has failed to demonstrate that he is entitled to a preliminary injunction or TRO. With regard to irreparable harm, his claim is subjective, and he cannot show or prove that he is facing irreparable harm. While he claims that the excessive noise from the cell doors being opened and shut is destroying his hearing, he has claimed in another federal case that he has already lost 95% of his hearing. He has presented no

2

documentation, evidence, or medical opinion that the noise from the cell doors being opened and shut is excessive or causing any hearing damage.  Furthermore, the plaintiff mentions in his motion that ear plugs are sold in the CCDC canteen, which is available to the plaintiff (m. for TRO at 2).  For these same reasons, the plaintiff is also unlikely to succeed on the merits of his excessive noise claim.  It is a subjective complaint with no evidence or proof to support it.  The plaintiff offers what he calls a "'no cost' solution" to this issue, but in practice, his solution would cause undue harm to the defendants if this injunction is granted.  Requiring a detention officer to open and close each and every cell door when necessary or to stand close by and ensure than an inmate does not slam a cell door would be impracticable and place a huge burden on a detention center with already limited resources (Tice aff. ¶¶10-11).

The plaintiff has not shown that he is entitled to injunctive relief.  Accordingly, the motion (doc. 23) should be denied.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

November 10, 2011  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.